**Charles VAN BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00877–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 18, 1989.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, and Alvin Nunnery, Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, COHEN and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

A jury found appellant guilty of aggravated robbery and assessed punishment at 15 years confinement.

Appellant raises four points of error, each contending that the trial court committed reversible error in admitting testimony showing that appellant had been incarcerated immediately prior to the commission of the alleged offense.

We affirm.

Prior to trial, appellant filed a motion in limine regarding the admissibility of any testimony or evidence that would inform the jury that appellant had been in the county jail immediately prior to the time the offense was committed; appellant argued that evidence of his incarceration would be highly prejudicial. The trial court granted the motion, conditioned on the following:

[I]f the defendant opts on the stand or has someone else get on the stand and in any way make it improbable that he was in the area of the commencement of the commission of the crime, then I'll let it in and it will come in fully.

William Wayne McCurley, the complainant, testified as follows: Shortly after midnight on December 23, 1987, he was driving his cab, and he picked up two black males near LaBranch and Texas streets in Houston, Texas; he took them to the 3300 block of Rosalie. He could see their faces illuminated by the cab's interior light when they got in the cab, and he looked at them in the rear view mirror during the ride. He described the individual behind him on the driver's side as being around five feet ten inches tall, weighing 150 to 180 pounds, and wearing a dark blue jacket, a ball cap, and blue jeans. He also described the individual's hands as being small with slender fingers like a musician's hands. The drive lasted around 20 minutes. Upon reaching their destination, both males exited the cab. One of the males asked complainant to change a twenty dollar bill, and as he was attempting to make change, one of the individuals placed a gun to the side of his head and demanded all of the money. Complainant gave them $37, and the two individuals ran away.

Complainant identified appellant in the courtroom as the individual who held the gun to his head. He had also identified appellant in a photospread at his home, requested a lineup to be sure, and identified appellant in the lineup. Complainant testified that he had no doubt that appellant was the person who robbed him. He further testified that the jacket that appellant was wearing in the photo used in the photospread (a mugshot), was the same jacket appellant wore when he robbed him.

Appellant offered the alibi testimony of two witnesses, Ira Alexander and Annie Davis, appellant's grandmother.

Ira Alexander testified as follows: Shortly after midnight on December 23, 1987, Alexander picked up appellant near Franklin Street in downtown Houston and drove him to his grandmother's house. Appellant

was wearing blue jeans and a shirt, but Alexander did not remember if he was wearing a jacket.

Annie Davis testified as follows: She is appellant's grandmother. Appellant came to her house on December 23, 1987, about midnight. Appellant was wearing blue jeans, a t-shirt, a jacket, but no baseball cap.

When appellant rested, the State and appellant made arguments to the court outside the presence of the jury regarding the admissibility of rebuttal testimony the State wished to offer. The trial court overruled appellant's objections and allowed rebuttal testimony from complainant and Sergeant Charles Lowery. Complainant testified as follows:

Q. [By State]: Mr. McCurley, I believe you testified previously in this matter it was sometime about midnight you picked the defendant and another individual up; is this correct?

A. Yes, sir.

Q. While you were en route to the place they asked you to take them, did either one of them indicate to you where they had just come from?

A. Yes, sir; they did.

Q. And where was that?

A. From the County Jail, sir.

STATE: Okay. Your Honor, I have no further questions of this witness.

Sergeant Lowery testified as follows:

Q. [By State] Sergeant Lowery, you have previously testified in this matter, have you not?

A. Yes, sir; I have.

\*     \*     \*     \*     \*     \*

Q. Okay.

Now with respect to your investigation in this case, okay, did you have occasion to read in some other report a description of clothing that was worn by Charles Van Brown on a date prior to the offense we're here on trial on December 23rd, 1987?

A. Yes, sir; I did.

Q. Okay.

And did this description match the description provided by the complainant in this case?

A. Yes, sir; it did.

Q. Okay.

Now in addition to that in your investigation did you have occasion to ascertain what time on December 23rd, 1987 Mr. Brown was checked out the [sic] Harris County Jail?

A. I'm sorry?

Q. Did you have occasion to check that?

A. Yes, sir.

Q. What time was that?

A. Two minutes after midnight on the 23rd.

Q. 12–23–87?

A. Yes, sir.

Q. Now the photograph—I'm sorry the clothing in the prior report that you read that matched the description given by Mr. McCurley, the photograph that was introduced into evidence, State's Exhibit No. 13, would that be of the clothing that was included in that report?

A. Yes, sir.

\*     \*     \*     \*     \*     \*

Q. [By Defense] Sergeant Lowery, what is the date of that report?

A. The one prior to this robbery?

A. November 25th, '87.

Appellant's first point of error contends that the trial court erred in admitting complainant's testimony to show that appellant had been incarcerated immediately prior to the commission of the alleged offense because the evidence was prejudicial, irrelevant to any contested issue, and served no purpose other than to portray appellant as a criminal generally. His second point of error contends that the relevancy value of this evidence did not outweigh its inflammatory and prejudicial potential.

In his third and fourth points of error, appellant contends that the trial court erred in admitting the testimony of Sergeant Charles Lowery regarding appellant's prior incarceration for the same reasons as stated in points of error one and two.

Appellant argues that even though appellant's alibi testimony raised an issue as to his identity as the perpetrator of the offense, the particular extraneous offense evidence was inadmissible because it did not and could not controvert appellant's alibi; it merely proved up *uncontested* facts, namely, that appellant was at a particular place, at a particular time, dressed in clothes exactly like those worn by the robber. Appellant asserts that since the evidence of his incarceration for an extraneous offense just prior to the commission of the alleged offense had no relevancy value, and since evidence that an accused is a criminal is inherently and highly prejudicial absent a clear showing of relevancy, it was error to admit the rebuttal testimony.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex.R.Crim.Evid. 401. Relevant evidence may be excluded only "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R.Crim.Evid. 403.

In *Clark v. State*, 726 S.W.2d 120, 122 (Tex.Crim.App.1986), the court set forth the test for the admission of extraneous offenses:

> First, it must be determined that the extraneous offense is relevant to a material issue in the case other than the defendant's character. Second, the evidence must possess probative value which outweighs its inflammatory or prejudicial effect.

The general rule is that the prosecution may not prove unalleged extraneous offenses during the guilt stage of the trial. *Wilkerson v. State*, 736 S.W.2d 656, 659 (Tex.Crim.App.1987). An accused should not be tried for some collateral crime or for being a criminal generally. *Id.* Evidence of extraneous offenses committed by the accused has been held admissible to show the context in which the criminal act occurred; to prove identity; and to refute a defensive theory raised by the accused, among other exceptions. *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim.App. 1972); *Turner v. State*, 715 S.W.2d 847, 850 (Tex.App.—Houston [14th Dist.] 1986, no pet.).

We hold that the rebuttal evidence was relevant to refute appellant's alibi and to prove identity. The fact that appellant had been released from the Harris County Jail only a few minutes before complainant picked up the robber a few blocks from the jail, is highly probative, especially when the robber told complainant that he had just been released from jail, and the robber's clothes were exactly like the clothes appellant was wearing when he was released from custody. The trial judge did not err in deciding the probative value of this testimony outweighed any prejudicial or inflammatory effect it may have had.

The judgment of the trial court is affirmed.